JEFFREY D. WOHL (Cal. State Bar No. 96838)
RISHI N. SHARMA (Cal. State Bar No. 239034)
PETER A. COOPER (Cal. State Bar No. 275300)
PAUL HASTINGS LLP
55 Second Street, 24th Floor
San Francisco, California  94105
Telephone: (415) 856-7000
Facsimile:  (415) 856-7100
jeffwohl@paulhastings.com
rishisharma@paulhastings.com
petercooper@paulhastings.com

Attorneys for Defendant
Rite Aid Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEWIS, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>RITE AID, CORPORATION, and DOES 1-50, inclusive,<br><br>    Defendants. | No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Yolo County Superior Court, No. CV14-1926 |

1   To the Clerk of the Court, plaintiff Kevin Lewis, and plaintiff's attorneys of record:

2   PLEASE TAKE NOTICE that defendant Rite Aid Corporation ("Rite Aid") hereby removes this

3   action from the Superior Court of California in and for the County of Yolo (the "Superior Court") to this

4   Court, based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332 and 1441(a).   In

5   support of removal, Rite Aid allege as follows:

6   1.      On November 17, 2014, plaintiff commenced a civil action in the Superior Court entitled

7   "*Kevin Lewis, an individual, Plaintiff, v. Rite Aid Corporation, and DOES 1 through 50, inclusive,*

8   *Defendants,*" No. CV14-1926 (the "Action").   A true and correct copy of plaintiff's Complaint in the

9   Action is attached as Exhibit A.

10   2.      In the Complaint, plaintiff alleges that Rite Aid misclassified him as exempt from the

11   overtime pay and related requirements of state law.   (*See* Cmplt., ¶ 4.)   On that basis, plaintiff asserts two

12   causes of action: (1) failure to pay overtime wages; and (2) unfair business practices in violation of

13   California Business and Professions Code section 17200 *et seq*.   (*See id*., ¶¶ 13-20, 22-29.)   The

14   allegations of the Complaint are incorporated by reference without admitting the truth of any of them.

15   3.      On February 23, 2015, Rite Aid served plaintiff with and filed with the Superior Court its

16   answer to plaintiff's Complaint.   A true and correct copy of Rite Aid's answer to plaintiff's Complaint is

17   attached as Exhibit B.

18   4.      True and correct copies of all other papers that Rite Aid received with the Complaint,

19   including the Summons, are attached as Exhibit C.

20   5.      Exhibits A to C constitute all papers that Rite Aid received or filed with the Superior

21   Court in this Action.

22   6.      Other than Rite Aid, no other defendant is named in the Complaint, and Rite Aid is

23   informed and believes that no other defendant has been served with process in the Action.

24   7.      This notice of removal is affected properly and timely pursuant to 28 U.S.C. section

25   1441(a).

26   8.      Notice of this removal will be given promptly to plaintiff and the Superior Court pursuant

27   to 28 U.S.C. section 1446(d).

28   ///

NOTICE OF REMOVAL
U.S.D.C., E.D. Cal., No. _____

9.    Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

10.    The Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. section 1332, and may be removed to this Court pursuant to 28 U.S.C. section 1441(a) and (b), on the following grounds:  The Complaint and each of its causes of action properly may be removed on the basis of diversity of citizenship jurisdiction, in that this is a civil action where the only parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332, 1441.

## THE CITIZENSHIP OF THE PARTIES IS DIVERSE

11.    Rite Aid is informed and believes that plaintiff is now and was, at the time the Action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. section 1332(a).  (*See* Cmplt., ¶ 5.)

12.    Rite Aid is now, and was at the time the Action was commenced, a citizen of a state other than the State of California within the meaning of 28 U.S.C. section 1332(c)(1) because Rite Aid is now, and was at the time the Action was commenced, a corporation organized under the laws of the State of Delaware with its principal place of business in the Commonwealth of Pennsylvania.  (*See* Declaration of Roger Ceballos in Support of Defendant Rite Aid Corporation's Notice of Removal ("Ceballos Decl."), ¶ 2.)    The majority of Rite Aid's executive and administrative functions are performed in the Commonwealth of Pennsylvania, and the majority of Rite Aid's executive and administrative officers are located in the Commonwealth of Pennsylvania.  (*See id.*)

13.    The presence of Doe defendants has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").  Accordingly, no named defendant is a citizen of California, in which state the Action was filed.

14.    Accordingly, there is complete diversity of citizenship between the parties in the Action.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15.    In the Complaint, plaintiff alleges, among other things, that as a Rite Aid Store Manager, he "was regularly scheduled as a matter of uniform company policy to work and in fact worked as a

salaried employee in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code section 1194 and the applicable California Industrial Welfare Commission wage order(s)."  (Cmplt., ¶ 13.)  Plaintiff also alleges that Rite Aid's failure to pay overtime wages was willful. (*See id.*, ¶ 16.)  Additionally, plaintiff alleges that "Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff meal and rest breaks.  By these actions, Defendants violated Cal. Lab. Code §226.7(a) and such violation constitutes an unfair business practices pursuant to California Business and Professions Code section 17200 *et seq.*"  (*Id.*, ¶ 27.)

16.     Based on these allegations, plaintiff seeks, among other things, an award of damages for the amount of unpaid overtime wages and "restitution in the form of unpaid wages in the amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided and/or authorized and permitted."  (Cmplt., ¶¶ 19-20, 28.)  At a minimum, plaintiff seeks recovery for the four-year limitations period applicable to unfair business practice claims under California Business and Professions Code section 17208.  (*See id.*, ¶ 3.)

17.     On November 17, 2010 (four years preceding the filing of plaintiff's complaint), plaintiff's salary as a Store Manager was approximately $67,026.94, and only has increased thereafter. (Ceballos Decl., ¶ 4.)

18.     Plaintiff currently is employed by Rite Aid; however, plaintiff went out on several leaves of absence for the following periods of time:

- ▪ January 31, 2011, through April 11, 2011;

- ▪ January 4, 2013, through April 17, 2013; and

- ▪ October 28, 2013, through February 3, 2014.

(Ceballos Decl., ¶ 5.)  Plaintiff most recently went out on a leave of absence beginning on approximately August 11, 2014, and has remained on leave since that date.  (*See id.*)  Excluding these periods of time, plaintiff has worked approximately 150 workweeks since November 17, 2010.

19.     On January 19, 2014, plaintiff signed a declaration under penalty of perjury regarding his hours of work as a Rite Aid Store Manager.  (*See* Declaration of Peter A. Cooper in Support of Defendant Rite Aid Corporation's Notice of Removal ("Cooper Decl."), ¶ 3, Exh. A.)  In the declaration, plaintiff

testified that he "worked an average of 5-6 days per week, for an average of 8-10 hours per day." (*Id.*) Plaintiff further stated that he "worked as many as 20 hours of overtime per week." (*Id.*)

20.    Assuming the truth of plaintiff's allegations in the Complaint and his declaration, the amount in controversy for plaintiff's claim for unpaid overtime wages is at least $72,495.00, exclusive of interest and costs, calculated as follows:

- $67,026.94 annual salary $\div$ 2,080 hours/year = $32.22/hour (regular rate of pay)

- $32.22/hour x 1.5 multiplier = $48.33/hour (overtime rate of pay)

- $48.33/hour x 10 overtime hours/week x 150 weeks = $72,495.00.[1]

21.    Plaintiff also seeks additional amounts. In the Complaint, plaintiff alleges that Rite Aid "routinely interrupted and/or failed to permit, authorize, and/or provide Plaintiff meal and rest breaks." (Cmplt., ¶ 27.) In his January 19, 2014, declaration, plaintiff further stated that while employed by Rite Aid he has been denied the opportunity to take a meal period "an average of 3 days per week." (Cooper Decl., ¶ 3, Exh. A.) Plaintiff seeks recovery of one hour of pay for each workday that Rite Aid allegedly did not provide plaintiff with uninterrupted 30-minute meal periods and one hour of pay for each workday that Rite Aid allegedly did not authorize and permit plaintiff to take rest periods. (*See* Cmplt., ¶ 28.)

22.    Assuming the truth of plaintiff's allegations in the Complaint and his declaration, the amount in controversy for plaintiff's meal- and rest-period claims is at least $14,499.00, exclusive of interest and costs, calculated as follows:

- $32.22/missed meal period (one hour of pay) x 3 missed meal periods/week x 150 weeks = $14,499.00.

23.    Together, the amount in controversy for plaintiff's unpaid overtime and meal-period claims is at least $86,994; however, this excludes the potential value of plaintiff's rest-period claim, the effect of higher earnings above the minimum salary during the limitations period, the longer limitations period plaintiff seeks, and any other recovery plaintiff seeks. Therefore, based on plaintiff's allegations

---

[1]    Although plaintiff claims to have "worked as many as 20 hours of overtime per week" in his January 19, 2014, declaration, Rite Aid conservatively assumes plaintiff worked only 10 hours of overtime per week for purposes of this calculation.

1    in the Complaint and the information provided in his declaration executed under penalty of perjury, it is

2    clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

3        24.    In setting forth these calculations, Rite Aid does not admit that plaintiff is owed any

4    additional wages or other relief, that Rite Aid is obligated to provide any of the relief that plaintiff seeks,

5    or that it is liable to plaintiff in any amount.  On the contrary, Rite Aid alleges that it has paid all wages

6    due to plaintiff and denies that it is liable to plaintiff in any amount for any relief.

7        25.    Based on the foregoing, all requirements under 28 U.S.C. sections 1332 and 1441 are

8    satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction.

9    Dated:  February 24, 2015.      JEFFREY D. WOHL

10       RISHI N. SHARMA
         PETER A. COOPER

11       PAUL HASTINGS LLP

12       By:    /s/ Peter A. Cooper            

13         Peter A. Cooper
         Attorneys for Defendant

14       Rite Aid Corporation

NOTICE OF REMOVAL
U.S.D.C., E.D. Cal., No. _____

# EXHIBIT A

**MATTHEW RIGHETTI, ESQ.**     {121012}
**JOHN GLUGOSKI, ESQ.**     {191551}
**MICHAEL RIGHETTI, ESQ**     {258541}
**RIGHETTI · GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiff

**F I L E D**
YOLO SUPERIOR COURT

NOV 1 7 2014

By___A. PEDERSEN___
Deputy

### THE SUPERIOR COURT OF CALIFORNIA

### COUNTY OF YOLO

| | |
|---|---|
| **KEVIN LEWIS,** an individual, | CASE NO.  CV14-1924 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **RITE AID CORPORATION,** and DOES 1 through 50 inclusive, | 1. **Violation of Labor Code;** 2. **Violation of Bus. & Prof. Code;** |
| Defendants. | |

## **INTRODUCTION**

**1.**

COMES NOW, Plaintiff, KEVIN LEWIS (Plaintiff herein after) an individual over the age of eighteen (18), and brings this challenge to Defendants' lucrative, repressive and unlawful business practices on behalf of himself for a Cause of Action against Defendants, RITE AID CORPORATION, and DOES 1-50, inclusive, (hereinafter Defendants) and each of them, alleges as follows:

## **THE PARTIES, JURISDICTION AND VENUE**

**2.**

The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. In addition, there is no federal question at issue, as all the issues related to payment of wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure and Business and Professions Code.

**3.**

Plaintiff, KEVIN LEWIS ("Plaintiff") is currently employed as a salaried store manager of RITE AID CORPORATION ("Defendants"). Plaintiff has worked for Defendants as a salaried employee within four years prior to the filing of the class action complaint in the matter entitled *Fenley v. Rite Aid Corporation* filed in Santa Clara County Superior Court.

**4.**

Plaintiff brings this action against Defendants for engaging in wage abuse against him in California. This scheme involved, inter alia, misclassifying Plaintiff as "exempt" for purposes of the payment of overtime compensation when, in fact, he was a "non-exempt" employee

according to California law.  Further, Defendants denied Plaintiff mandated meal and rest breaks under California law, which constitutes an unfair business practice under the Business and Professions Code. As a result of Defendants' actions, Plaintiff was not paid all wages owed and was deprived of mandated meal periods and rest breaks. Accordingly, Defendants have violated California common and statutory laws as described more particularly below.

5.

Defendants own/owned and operate/operated retail pharmacies within the State of California.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq.; California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission.  At least some of the acts complained herein occurred in Yolo County as Defendants own/owned and operate/operated multiple retail locations in Yolo County, and Plaintiff worked in Yolo County. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants are and were corporations licensed to do business and actually doing business in the State of California.

6.

At all times herein mentioned Plaintiff herein worked for Defendants as a salaried employee at a retail location owned and/or operated by Defendants.  This salaried position is not a position, which involves work falling within any exception or exemption to the above-referenced Labor Code sections, the Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to Defendants' business.

**7.**

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment practices, wrongs and injuries complained of herein.

**8.**

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

**9.**

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**10.**

At all times herein mentioned, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**11.**

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of the Defendants are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

## FIRST CAUSE OF ACTION

### (Violation of the Labor Code, Unpaid Overtime Wages)

COMES NOW, Plaintiff, individually and as a first, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**12.**

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint.

**13.**

Plaintiff identified herein was regularly scheduled as a matter of uniform company policy to work and in fact worked as a salaried employee in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff was improperly and illegally misclassified by Defendants as an "exempt" employee when, in fact, he was "non-exempt" according to California law. Plaintiff has the right to be compensated by Defendants at the appropriate compensatory wage rate for said work heretofore performed,

consisting of the straight time rate plus the appropriate overtime premium as mandated by California law.

### 14.

Plaintiff is informed and believes and based thereon alleges that Plaintiff failed to meet the exemption requirements of California law such as 1) regularly spend more than 50% of his time performing exempt work; 2) customarily and regularly exercise discretion and independent judgment on matters of significance and; 3) have authority to hire and fire.  Thus, Plaintiff was not exempt from the overtime requirements of California law for that reason.  Plaintiff spent well over 50% of his time performing non-exempt work such as cashiering, stocking merchandise, cleaning, building displays according to plan-o-grams and performing routine customer service tasks, and in doing so he met the expectations of Defendants.

### 15.

Defendants uniformly administered a corporate policy concerning both staffing levels and duties and responsibilities of Plaintiff which required that Plaintiff both work overtime without pay and regularly spend more than 50% of his time performing non-exempt tasks. Thus, Plaintiff routinely, regularly and customarily (i.e., well in excess of 50% of his work time) performed non-exempt, non-managerial/administrative work and work that did not regularly involve exercising discretion and independent judgment on matters of significance.  Therefore, Plaintiff is entitled to overtime compensation under California law.

### 16.

Defendants, in violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of Plaintiff.  Defendants have willfully failed to pay the earned

and unpaid wages to Plaintiff, including, but not limited to, regular time, overtime, and other wages earned and remaining uncompensated according to amendment, or proof.

### 17.

As a pattern and practice, also in violation of the aforementioned labor laws and wage orders, Defendants did not maintain any records pertaining to when Plaintiff began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

### 18.

The California Labor Code and wage order provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

### 19.

Such an employment practice, as has been described herein, is unlawful and creates an entitlement to recovery by the Plaintiff identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

///

///

///

**20.**

The Plaintiff is entitled to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by Defendants. The Plaintiff is entitled to restitution and disgorgement of those funds being improperly withheld by Defendants.

WHEREFORE, Plaintiff on his own behalf, prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

COMES NOW, Plaintiff, individually and as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**21.**

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint.

**22.**

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding and subsequent Paragraphs, to wit, by requiring Plaintiff to perform the labor services complained of herein without overtime compensation and without statutory mandated meal and rest periods required under the California Labor code and IWC Wage Orders. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors. Plaintiff seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiff seeks the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within four years prior to the filing of this Complaint.

**23.**

Specifically, Cal. Lab. Code §226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

**24.**

The meal period provisions of the applicable wage orders provide in relevant part, "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

**25.**

Relevant provisions of the applicable Industrial Welfare Commission wage orders authorize employees to take rest periods based on the total hours worked daily at the rate of ten minutes of rest per four hours or major fraction thereof.

**26.**

Cal. Lab. Code Section 512, which provides in relevant part:
Meal periods:
An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period my be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a     second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

///

///

///

### 27.

As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff meal and rest breaks. By these actions, Defendants violated Cal. Lab. Code §226.7(a) and such violation constitutes unfair business practices pursuant to Bus. and Prof. Code section 17200 et seq.  Plaintiff seeks relief for Defendant's statutory violations enumerated herein pursuant to the Unfair Business Act of Bus and Prof. Code section 17200 et seq.

### 28.

As a result of the unlawful acts of Defendants, Plaintiff has been deprived of meal and rest breaks, and is entitled to restitution in the form of unpaid wages in the amount of one additional hour of pay at the employee's regular rate of compensation for each work day that a meal or rest period was not provided and/or authorized and permitted.

### 29.

Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200 thereby depriving Plaintiff of the minimum working conditions and standards due to him under the California labor laws and applicable Industrial Welfare Commission wage orders as specifically described herein.

WHEREFORE, Plaintiff on his own behalf prays for judgment as follows:

1.    For the First Cause of Action:

    a.    A declaratory judgment that Defendants have violated the Cal. Lab. Code;

    b.    An award to Plaintiff of damages for the amount of unpaid overtime compensation, including interest thereon, and penalties subject to proof for the time period dating back four years from the date of filing of the

original complaint in the matter entitled *Fenley v. Rite Aid Corporation* filed in Santa Clara County Superior Court;

    c.    An award to Plaintiff of reasonable attorneys' fees and costs pursuant to Cal. Lab. Code § 1194 and/or other applicable state laws;

2.    For the Second Cause of Action:

    a.    Ordering Defendants, its agents, servants, and employees, and all persons acting, directly or indirectly, in concert with it, to restore and disgorge all funds to Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under § 17200 et seq. of the California Business and Professions Code;

    c.    Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(12) (C), which provides: "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided;"

    d.    Restitution pursuant to California Industrial Welfare Commission Order No. 7-2001(11)(D), which provides: "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided;"

    e.    A declaratory judgment that Defendants have violated Cal. Lab. Code §226.7;

3.    Awarding Plaintiff his attorneys' fees and costs of suit to the extent permitted by law;

4.    All other relief as this Court may deem proper.

DATED: November 14, 2014            **RIGHETTI · GLUGOSKI, P.C.**

                                         **Michael Righetti**
                                       Attorneys for Plaintiff

# EXHIBIT B

1   JEFFREY D. WOHL (Cal. State Bar No. 096838)
    RISHI N. SHARMA (Cal. State Bar No. 239034)
2   PETER A. COOPER (Cal. State Bar No. 275300)
    PAUL HASTINGS LLP
3   55 Second Street, 24th Floor
    San Francisco, California 94105
4   Telephone: (415) 856-7000
    Facsimile:  (415) 856-7100
5   jeffwohl@paulhastings.com
    rishisharma@paulhastings.com
6   petercooper@paulhastings.com

7   Attorneys for Defendant
    Rite Aid Corporation

8

F I L E D
YOLO SUPERIOR COURT

FEB 2 3 2015

BY    M.L. CURIEL
DEPUTY

9                   SUPERIOR COURT OF CALIFORNIA

10                       COUNTY OF YOLO

11

12   KEVIN LEWIS, an individual,              | No. CV-14-1926

13                         Plaintiff,         | **DEFENDANT RITE AID
                                              | CORPORATION'S ANSWER TO
14         vs.                                | PLAINTIFF'S UNVERIFIED
                                              | COMPLAINT**
15
                                              | **JURY DEMANDED**
16   RITE AID CORPORATION, and DOES 1
     through 50, inclusive,                   | Complaint Filed:    November 17, 2014
17                                            | Trial Date:         None set
18                        Defendants.

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 81037108.1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

By Fax

Defendant Rite Aid Corporation ("Rite Aid"), for itself and no other defendant, hereby answers the unverified complaint (the "Complaint") of plaintiff Kevin Lewis as follows:

## GENERAL DENIAL

1.    Pursuant to section 431.30(d) of the California Code of Civil Procedure, Rite Aid denies, generally and specifically, each and every material allegation in the Complaint.

2.    Rite Aid further denies, generally and specifically, that plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Rite Aid or any of Rite Aid's past or present agents, representatives, or employees; or that plaintiff is entitled to the relief requested.

## DEFENSES

Without admitting any facts alleged by plaintiff, Rite Aid also pleads the following separate defenses to the Complaint:

1.    The Complaint, and each of its causes of action, must be abated, dismissed, or stayed because there are other actions pending between the same or substantially the same parties on the same or substantially the same causes of action, namely "*Derrick Fenley, Stacy Wolchow, Steve Ton, and Anthony Centeno, individually and on behalf of all others similarly situated, Plaintiffs v. Rite Aid Corporation and DOES 1 through 100, Defendants*," Santa Clara Cnty. Super. Ct. No. 1-12-CV-229127, and "*Chris Romero, Plaintiff, v. Rite Aid Corporation and DOES 1 through 50, Defendants*," U.S.D.C., C.D. Cal., No. CV-13-07720 MWF (JEMx).

2.    The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of *res judicata* based on the judgment entered in *Prag Tierno, individually and on behalf of all others similarly situated, Plaintiffs, v. Rite Aid Corporation, and Does 1 through 25, inclusive, Defendants*, U.S.D.C., N.D. Cal., No. C-05-02520-TEH.

3.    The Complaint, and each of its causes of action, is barred in whole or in part by the release granted by the class in *Prag Tierno, individually and on behalf of all others similarly situated, Plaintiffs, v. Rite Aid Corporation, and Does 1 through 25, inclusive, Defendants*, U.S.D.C., N.D. Cal., No. C-05-02520-TEH.

4.    The Complaint, and each of its causes of action, fails to allege facts sufficient to

1  constitute a cause of action.

2      5.    The Complaint, and each of its causes of action, is barred in whole or in part by all

3  applicable statutes of limitation, including but not limited to California Labor Code section 203;

4  California Code of Civil Procedure sections 337, 338, 339, 340, and 343; and California Business

5  and Professions Code section 17208.

6      6.    The Complaint, and each of its causes of action, is barred in whole or in part by the

7  doctrine of laches.

8      7.    The Complaint, and each of its causes of action, is barred in whole or in part by the

9  doctrine of unclean hands.

10      8.    The Complaint, and each of its causes of action, is barred in whole or in part by the

11  doctrine of avoidable consequences.

12      9.    Plaintiff is estopped from pursuing the Complaint, and each of its causes of action,

13  by reason of his actions and course of conduct.

14      10.    Plaintiff has waived or released the right, if any, to pursue the Complaint, and each

15  of its causes of action, by reason of his own actions and course of conduct.

16      11.    The Complaint, and each of its causes of action, is barred in whole or in part

17  because Rite Aid has an honest, good-faith belief that all decisions with respect to plaintiff were

18  made solely for legitimate, business-related reasons and were reasonably based upon the facts as

19  Rite Aid understood them at the time.

20      12.    The Complaint, and each of its causes of action, is barred in whole or in part

21  because plaintiff did not satisfy or breached his statutory obligations as provided in the California

22  Labor Code, including but not limited to Labor Code sections 2854, 2856-2859, 2922, and 2924.

23      13.    The Complaint, and each of its causes of action, is barred in whole or in part

24  because plaintiff's fundamental breach of his duties as an employee, including the duty of loyalty,

25  is so severe as to render his causes of action void under the Faithless Servant Doctrine and related

26  legal principles.

27      14.    The Complaint, and each of its causes of action, is barred in whole or in part

28  because any loss, injury, damage, or detriment alleged in the Complaint resulted from plaintiff's

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  own acts or omissions and was not due to any action or omission of Rite Aid.

2        15.    The Complaint, and each of its causes of action, is barred in whole or in part

3  because, at all times relevant to the Complaint, plaintiff was properly classified as exempt from

4  overtime and related wage-and-hour laws pursuant to, but not limited to, the provisions of

5  Industrial Welfare Commission Wage Order 7-2001 section (1)(A)(1) (the executive exemption),

6  8 Cal. Code Regs. § 11070(1)(A)(1), and Industrial Welfare Commission Wage Order 7-2001

7  section (1)(A)(2) (the administrative exemption), 8 Cal. Code Regs. § 11070(1)(A)(2) because

8  plaintiff's duties and responsibilities included:

9           a.    the management of the store in which plaintiff was employed;

10           b.    the performance of office or non-manual work directly related to

11  management policies or general business operations of the store in which

12  plaintiff was employed;

13           c.    the performance of specialized or technical managerial duties requiring

14  special training, experience, or knowledge under only general supervision;

15           d.    the performance of special assignments and tasks under only general

16  supervision;

17           e.    customarily and regularly directing the work of two or more other store

18  employees;

19           f.    hiring or firing of store employees or suggesting and making

20  recommendations as to the hiring or firing and as to the advancement and

21  promotion or any other change of status of store employees, of which the

22  suggestions or recommendations were given particular weight ;

23           g.    customarily and regularly exercising discretion and independent judgment;

24  and

25           h.    otherwise primarily engaging in duties that meet the test of the executive or

26  administrative exemption.

27        16.    The Complaint, and each of its causes of action, is barred because if plaintiff

28  performed his job duties in the manner he alleges, then plaintiff failed to perform the duties that

-3-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    his employer realistically expected him to perform and otherwise misperformed his duties, and,

2    therefore, under *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785 (1999), plaintiff cannot

3    support a claim for misclassification as an exempt employee.  Plaintiff alleges that "Plaintiff

4    failed to meet the exemption requirements of California law such as 1) regularly spend more than

5    50% of his time performing exempt work; 2) customarily and regularly exercise discretion and

6    independent judgment on matters of significance and; 3) have authority to hire and fire ... Plaintiff

7    spent well over 50% of his time performing non-exempt work such as cashiering, stocking

8    merchandise, cleaning, building displays according to plan-o-grams and performing routine

9    customer service tasks, and in doing so he met the expectations of Defendants."  If this allegation

10   is true, then Rite Aid neither was aware of, nor condoned, plaintiff's misperformance of his

11   reasonably expected duties as a Rite Aid Store Manager.

12        17.    Plaintiff's claims for failure to pay wages are barred because plaintiff was paid all

13   wages owed in accordance with the law.

14        18.    Plaintiff's claims for failure to pay wages are barred to the extent that the wages

15   plaintiff seeks to recover are *de minimis*.

16        19.    Plaintiff's claims for failure to pay wages are barred to the extent that plaintiff

17   seeks to recover wages for work that was not performed for the primary benefit of Rite Aid.

18        20.    Plaintiff's claims for failure to pay wages are barred to the extent that plaintiff

19   seeks to recover wages for work that Rite Aid did not suffer or permit plaintiff to perform.

20        21.    Plaintiff's claims for failure to pay wages are barred to the extent that plaintiff

21   seeks to recover wages for work that was not performed while under the direction or control of

22   Rite Aid.

23        22.    Plaintiff's claims for failure to pay wages are barred to the extent that plaintiff

24   worked without Rite Aid's actual or constructive knowledge.

25        23.    Plaintiff's claims for failure to pay wages under the applicable Wage Order are

26   barred because the Wage Order does not support a private right of action, and plaintiff's exclusive

27   remedy is an action before the California Labor Commissioner.

28        24.    To the extent plaintiff's claims for failure to provide meal and rest periods are

based, in turn, on the alleged failure to pay wages, Rite Aid incorporates by reference and realleges its defenses to these claims as set forth in paragraphs 17-23, *supra*, to plaintiff's claims for failure to provide meal and rest periods.

25.    Plaintiff's claims for failure to provide meal and rest periods are barred because plaintiff was provided meal and rest periods in accordance with the law; plaintiff was not required to work during any meal or rest period; and any failure by plaintiff to take a meal or rest period was due to his own election and not any acts or omissions by Rite Aid.

26.    Plaintiff's claims for failure to provide meal and rest periods are barred to the extent that plaintiff consented to the waiver of his meal and rest periods.

27.    Plaintiff's claims for failure to provide meal and rest periods under the applicable Wage Order are barred because the Wage Order does not support a private right of action, and plaintiff's exclusive remedy is an action before the California Labor Commissioner.

28.    To the extent plaintiff's claims for failure to pay timely all wages due at termination are based, in turn, on the alleged failure to pay wages or failure to provide meal or rest periods, Rite Aid incorporates by reference and realleges its defenses to these claims as set forth in paragraphs 17-23 and 25-27, *supra*, to plaintiff's claim for failure to pay timely all wages due at termination.

29.    Plaintiff's claims for failure to pay timely all wages due at termination are barred because plaintiff was paid all his final wages owed in accordance with the law.

30.    Plaintiff's claims for failure to pay timely all wages due at termination are barred because there was no willful failure to pay plaintiff's final wages due on termination.

31.    Plaintiff's claims for failure to pay timely all wages due at termination are barred because at the time of termination Rite Aid had a good-faith belief, based in fact and law, that plaintiff was properly classified as exempt, that all salary and any other wages earned by plaintiff were being paid timely, and that no other wages were due to plaintiff.

32.    Plaintiff's claims for failure to pay timely all wages due at termination are barred because plaintiff secreted or absented himself to avoid payment, or refused payment when fully tendered.

33.     Plaintiff's claims for failure to pay timely all wages due at termination, to the extent they are based on the alleged failure to provide meal or rest periods or pay the meal or rest-period premium, are barred because an action under California Labor Code section 226.7 is not an action to recover unpaid wages. *See Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244 (2012); *Jones v. Spherion Staffing LLC*, No. CV 11-6462 JAK (JCx), 2012 U.S. Dist. LEXIS 112396, at *21-26 (C.D. Cal. Aug. 7, 2012).

34.     Plaintiff's claims for failure to pay timely all wages due at termination are barred to the extent that they seek an award of waiting-time penalties beyond the three-year limitations period contained in California Code of Civil Procedure section 338.

35.     To the extent plaintiff's claims for unfair business practices are based, in turn, on the alleged failure to pay wages, failure to provide meal or rest periods, or failure to pay timely all wages due at termination, Rite Aid incorporates by reference and realleges its defenses to these claims as set forth in paragraphs 17-23, 25-27, and 29-34, *supra*, to plaintiff's claim for equitable and statutory relief pursuant to California Business and Professions Code section 17200 *et seq*. ("section 17200").

36.     Plaintiff's claims for unfair business practices are barred to the extent that plaintiff seeks damages, disgorgement, penalties, or meal or rest-period premiums because section 17200 provides only for restitution and injunctive relief; damages, penalties, and meal and rest-period premiums are not restitution.

37.     Plaintiff is barred from seeking injunctive relief under section 17200 because plaintiff lacks standing to seek such relief.

38.     Plaintiff's claims for unfair business practices are barred because plaintiff cannot show an injury to competition, as distinguished from injury to himself, the existence of which Rite Aid expressly denies.

39.     Plaintiff's claims for unfair business practices are barred because plaintiff cannot show a deception upon the public.

40.     Plaintiff's claims for unfair business practices are barred because plaintiff, as a private litigant, lacks standing to bring a cause of action for damages under section 17200 on

-6-

1  behalf of himself.

2      41.    Plaintiff's claims for unfair business practices are barred because section 17200, as

3  stated and sought to be applied by plaintiff, violates Rite Aid's rights under the Constitution of

4  the United States of America and the Constitution of the State of California in that, among other

5  things, it is void for vagueness, violates equal protection and due process, poses an undue burden

6  upon interstate commerce, and infringes the freedom of contract.

7      42.    Plaintiff's claims for unfair business practices are barred because section 17200, as

8  stated and sought to be applied by plaintiff, violates Rite Aid's rights to due process under the

9  Constitution of the United States of America and the Constitution of the State of California to the

10 extent that the cause of action does not afford Rite Aid the protections against multiple suits and

11 duplicative liability ordinarily provided by class actions.

12     43.    Plaintiff's claims for unfair business practices are barred because plaintiff has

13 failed to plead with sufficient particularity his claims of false, unfair, or fraudulent conduct.

14     44.    Plaintiff's claims for unfair business practices are barred because plaintiff is not

15 seeking recovery of a quantifiable sum owed by Rite Aid to plaintiff.

16     45.    Plaintiff's claims for unfair business practices are barred because plaintiff has

17 adequate remedies at law for the alleged violations, and the requirements for equitable relief have

18 not been met.

19     46.    To the extent plaintiff's claims for penalties are based, in turn, on the alleged

20 failure to pay wages, failure to provide meal or rest periods, failure to pay timely all wages due at

21 termination, or unfair business practices, Rite Aid incorporates by reference and realleges its

22 defenses to these claims as set forth in paragraphs 17-23, 25-27, 29-34, and 36-45, *supra*, to

23 plaintiff's claims for penalties.

24     47.    Plaintiff's claims for penalties under the California Labor Code are barred because

25 he seeks an award of penalties beyond the one-year limitation period contained in California

26 Code of Civil Procedure section 340(a).

27     48.    Plaintiff is not entitled to any statutory or civil penalties because, at all times

28 relevant to the Complaint, any failure to comply with the compensation provisions of the

-7-

California Labor Code or the applicable Wage Order, which Rite Aid denies, was not knowing or intentional, but rather was done in good-faith and with reasonable grounds.

49.    Plaintiff is not entitled to any statutory or civil penalties because there is a good-faith dispute as to whether there was an obligation to pay any wages that may be found to be due.

50.    Plaintiff is not entitled to any statutory or civil penalties because plaintiff has failed to exhaust his administrative remedies.

51.    Recovery of statutory or civil penalties is barred to the extent that the accumulation of penalties would be so disproportionate to the harm alleged to violate due process under the Constitutions of the United States and the State of California.

52.    Plaintiff lacks standing to seek the prospective injunctive and declaratory relief he seeks in the Complaint.

53.    The Complaint and each of its causes of action is barred in whole or in part because any recovery from Rite Aid would result in plaintiff's unjust enrichment.

54.    The Complaint and each of its causes of action is barred in whole or in part because any recovery from Rite Aid, if any, would be *de minimis*.

55.    Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law, and any recovery to which plaintiff otherwise would be entitled should be precluded or reduced accordingly.

56.    Recovery of interest, attorneys' fees or costs, or restitution is barred to the extent that such amounts are based on the recovery of penalties or meal and rest-period premiums rather than unpaid wages.

57.    Recovery of interest, attorneys' fees or costs, or penalties is barred to the extent that such amounts are based on the recovery of equitable restitution rather than unpaid wages.

///

///

///

///

///

-8-

**RELIEF REQUESTED**

Rite Aid asks the Court to enter judgment in its favor and against plaintiff, to award to plaintiff nothing on the Complaint and instead to dismiss the Complaint with prejudice, and to award to Rite Aid its costs of suit, including reasonable attorneys' fees as provided by law, and such further or other relief as the Court may deem proper.

Dated:  February 23, 2015.            JEFFREY D. WOHL
                                      RISHI N. SHARMA
                                      PETER A. COOPER
                                      PAUL HASTINGS LLP

                                      By: _____
                                          Peter A. Cooper
                                          Attorneys for Defendant
                                          Rite Aid Corporation

**JURY DEMAND**

Defendant Rite Aid Corporation hereby demands trial by jury on all issues triable to a jury.

Dated:  February 23, 2015.            JEFFREY D. WOHL
                                      RISHI N. SHARMA
                                      PETER A. COOPER
                                      PAUL HASTINGS LLP

                                      By: _____
                                          Peter A. Cooper
                                          Attorneys for Defendant
                                          Rite Aid Corporation

LEGAL_US_W # 81037108.1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441.

On February 23, 2015, I served the foregoing document(s) described as:

- **DEFENDANT RITE AID CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT — JURY DEMANDED**

on the interested parties by placing a true and correct copy thereof in an envelope(s) addressed as follows:

| | |
|---|---|
| Matthew Righetti<br>John Glugoski<br>Michael Righetti<br>RIGHETTI GLUGOSKI P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone:(415) 983-0900<br>Facsimile: (415) 397-9005 | Attorneys for Plaintiff<br>*Kevin Lewis* |

☐ **VIA OVERNIGHT MAIL:**

VIA _____ :By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

The envelope was sealed. I deposited such sealed envelope(s) with postage thereon fully prepaid, in the United States mail at Los Angeles, California.

☐ **VIA PERSONAL DELIVERY:**

I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # _____ on February 23, 2015 at _____ . A copy of that report, which was properly issued by the transmitting machine, is attached hereto. **[Permitted by written agreement of the parties.]**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 23, 2015, at San Francisco, California.

_____
Alice F. Brown

LEGAL_US_W # 81148004.1

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RITE AID CORPORATION,
and DOES 1 through 50 inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KEVIN LEWIS, an individual,
Plaintiff,

F I L E D
YOLO SUPERIOR COURT
DEC 0 3 2014
By___A. PEDERSEN___
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Yolo County Superior Court

Main Courthouse
725 Court Street, Woodland, CA 95695

**CASE NUMBER:**
*(Número del Caso):* CV14-1926

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Righetti, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104

| | | |
|---|---|---|
| DATE: DEC 0 3 2014 | Clerk, by SHAWN C. LANDRY | , Deputy |
| *(Fecha)* | *(Secretario)* A. PEDERSEN | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Rite Aid Corporation

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti SBN121012<br>John Glugoski SBN191551<br>Michael Righetti SBN258541<br>Righetti Glugoski, P.C. 456 Montgomery St., Ste. 1400, San Francisco, CA 94104<br><br>TELEPHONE NO.: 415-983-0900    FAX NO.: 415-397-9005<br>ATTORNEY FOR *(Name):* Kevin Lewis | **F I L E D**<br>YOLO SUPERIOR COURT<br><br>NOV 1 7 2014<br><br>By  A. PEDERSEN<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Yolo
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME: Main Courthouse

CASE NAME:
Kevin Lewis v. Rite Aid Corporation

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>CV 14-1926 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 14, 2014

Michael Righetti
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

## CASE MANAGEMENT PACKET (2014)

All cases pending a case management conference (CMC) and all new filings in 2014 are subject to the court's CMC procedure.  See Local Rules 12 and 13 and Appendices 3 and 4.  Litigants and their counsel should review and be familiar with that material that is now on the court's website: **www.yolo.courts.ca.gov.**

This packet contains:

1.    The Case Management Conference policies
2.    The ADR Information Sheet

This and other information and local forms are available on the court's website: www.yolo.courts.ca.gov.

*NOTE:  This complete packet must be served on the opposing party(ies) together with the complaint (CRC 3.221)*

Clerk of the Court

Yolo County Superior Court

725 Court Street, Room 103

Woodland, CA 95695

530- 406-6704

# CASE MANAGEMENT CONFERENCE POLICIES

***Introductory note***. *Case management procedures and the case management conference (CMC) are used by the court to expedite the movement of most civil cases through to an early resolution or trial. Counsel are expected to be thoroughly familiar with Local Rules 12 and 13 and the court's policies set out in Appendices 3 and 4 to the rules.*

**CMC Policies.**

A case management conference (CMC) will be set by the clerk at the time the complaint is filed, ordinarily 120 days after the filing. All cases, limited and unlimited, are required to participate in a CMC. ***Limited collection cases*** *(a new designation) have a specially designed management program described in the Notice of Case Management Conference provided by the Clerk at the time the case is filed.* (Uninsured motorist cases are governed by Local Rule 12.3 and are not discussed here.)

The Case Management Statement must be **filed 15 days prior** to the scheduled CMC and should fully address all of the issues set forth in the Judicial Council form CM 110. Timely and complete Statements will facilitate the CMC and benefits the parties, counsel and the court. A failure to file a CMC Statement, or late filing, inconveniences the court and will subject the party to the Order to Show Cause included in the Notice of Case Management Conference and will be heard at the same time.

In appropriate cases and for the convenience of the court and the parties, the court may issue a CMC Order Without Appearance. (CRC 3.722(d).)

Attendance at the CMC is required, personally or telephonically. See, Using CourtCall (on the court's website) to appear by phone. A trial date may be set at the first CMC. Trial counsel and back up trial counsel must be specified at the CMC. (If such counsel is not identified, relief from the scheduled trial date may not be based on the ground that counsel is engaged elsewhere.)

The CMC judge will deem the case at-issue at the time of the CMC absent a showing of contrary circumstances.

At the CMC, you may expect the CMC judge to make appropriate pre-trial orders on any of the following matters (CRC 3.715.):

· An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

· An order referring the case to arbitration, mediation or other dispute resolution process.

· An order assigning a trial date. (Counsel are required to be prepared to select a trial date at the CMC.)

· An order transferring the case to the limited jurisdiction of the Superior Court;

· An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment, appointment of referee or special master, and the like;

· An order of discovery; including but not limited to establishing a discovery plan or schedule, assignment to a discovery referee, and/or establishing a discovery cutoff date;

· An order scheduling the exchange of expert witness information;

· An order scheduling a subsequent CMC; and

· Such other orders to achieve the interests of justice and the timely disposition of the case.

**POLICIES IN APPENDICES 3 AND 4 TO THE CURRENT RULES 12 and 13 MAY BE REVISED FROM TIME TO TIME. PLEASE CHECK THE COURT'S WEBSITE FREQUENTLY FOR ADVISORIES OF PROCEDURAL CHANGES AFFECTING THE CMC PRACTICE.**

**(www.yolo.courts.ca.gov)**

# ALTERNATIVE DISPUTE RESOLUTION

## Information Sheet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Yolo County Superior Court strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

| | | | |
|---|---|---|---|
| Arbitration | Mediation | Neutral Evaluation | Mini-trials |
| Settlement Conferences | Private Judging | Negotiation, and | Hybrids of these |

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### What are the advantages of using ADR?

ADR, particularly mediation, can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO**<br>725 COURT STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | **NOTICE OF CASE MANAGEMENT CONFERENCE and RELATED ORDERS (Unlimited Case)** |
| KEVIN LEWIS<br>Plaintiff(s):<br><br>vs.<br><br>RITE AID CORPORATION<br>Defendant(s): | Case #: CV-CV-14-0001926 |

**Case Management Conference is set for: March 23, 2015 @ 9:00 a.m. in Department 2 LOCATED AT 725 COURT STREET, WOODLAND, CA.**

**This is Notice of your Case Management Conference (CMC).** The date, time and department are written above. **This notice contains new policies effective in 2007.**

1. In accordance with applicable statutes, California Rules of Court and Local Rules 12, 13 and Appendices 3 and 4,  you are hereby ordered to:
   - (a) Serve all named defendants and file proofs of service on those defendants with the court within 60 calendar days of filing the complaint (CRC 3.110)
   - (b) Serve a copy of this notice, the Case Management Statement and the ADR information sheet on all named parties in this action.(CRC 3.220-3.222)
   - (c) Comply with CRC 3.110 relating to responsive pleadings, cross complaints and extensions of time and defaults.
   - (d) File and serve a completed Case Management Statement **at least calendar 15 days** before the CMC (CRC 3.725). Failure to do so may result in monetary sanctions.
   - (e) Appear at the CMC in person or by CourtCall. A failure to appear shall result in dismissal or other sanction.
   - (f) Meet and confer in person or by telephone (CRC 3.724) to consider each of the issues identified in CRC 3.725 no later than 30 calendar days before the date set for the Case Management Conference.

2. When a default judgment is requested the party requesting the entry of default must obtain a judgment against the defaulting party within 60 days after entry of default, unless the court has granted an extension.

3. **You are further ordered** to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be fully familiar with the case and authorized to proceed with all CMC and ADR matters, including setting a trial date.

NOTICE OF CASE MANAGEMENT
Unlimited Civil
Rev 08/13

1

4. **ORDER TO SHOW CAUSE.** If you fail to follow the orders above, you are hereby ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal. All OSC's require a written response.

5. If a judgment or dismissal is filed with the court prior to the CMC, the CMC will be vacated and counsel/parties need not appear.

6. **Early ADR.** Parties may proceed to an alternative dispute resolution (ADR) process by filing a Stipulation to Continue Case Management Conference to use ADR. (See, ADR Information Sheet and accompanying packet.) In such event, and if the Stipulation is on file 15 days prior to the scheduled CMC, the CMC will be continued for 100 days to allow the parties time to complete their ADR process. The court will notify the parties of their new CMC date.

7. Telephonic appearances at the CMC are permitted and are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

8. The case management judge will issue orders at the conclusion of the conference that may include: (a) referring parties to judicial arbitration or to a voluntary ADR process, including early settlement conference; (b) setting an ADR completion date; (c) establishing a discovery plan; (d) scheduling dates or the exchange of information and discovery with respect to expert witnesses; (e) dismissing or severing claims or parties; (f) setting a trial date, and for such other CMC matters as may be appropriate.

9. The case management judge may be the trial judge in this case.

**This is only a summary of local rules and policies. For further information regarding Case Management and the CourtCall service, all current Local Rules, court policies set forth in the Appendices, and court forms, go to the court website at www.yolo.courts.ca.gov.**


SHAWN C. LANDRY, Court Executive Officer


Dated: 12/03/2014          BY: _____A. PEDERSEN_____,
                                APEDERSE , Deputy Clerk

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Matthew Righetti {121012} John Glugoski {191551} Michael Righetti {258541}<br>RIGHETTI GLUGOSKI P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>　　TELEPHONE NO.: 415.983.0900　　　FAX NO. *(Optional):* 415.397.9005<br>　E-MAIL ADDRESS *(Optional):* Mike@Righettilaw.com<br>　ATTORNEY FOR *(Name):* Kevin Lewis | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** YOLO<br>　STREET ADDRESS: 725 Court Street<br>　MAILING ADDRESS: 725 Court Street<br>　CITY AND ZIP CODE: Woodland, CA 95695<br>　BRANCH NAME: Main Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Kevin Lewis |
| DEFENDANT/RESPONDENT: Rite Aid Corporation |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CV-CV-14-0001926 |

TO *(insert name of party being served):* Rite Aid Corporation c/o PAUL HASTINGS, LLP

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/6/2015

Stella Ma
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　►　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
　　Civil Case Cover Sheet
　　Notice of Case Management Conference
　　Case Management Packet (2014)

*(To be completed by recipient):*

Date this form is signed:

_____　　　　　►　　　_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti {121012} John Glugoski {191551} Michael Righetti {258541}<br>RIGHETTI GLUGOSKI P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>　　TELEPHONE NO.: 415.983.0900　　　　FAX NO. *(Optional):* 415.397.9005<br>E-MAIL ADDRESS *(Optional):* Mike@Righettilaw.com<br>ATTORNEY FOR *(Name):* Kevin Lewis | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO |
|---|
| STREET ADDRESS: 725 Court Street |
| MAILING ADDRESS: 725 Court Street |
| CITY AND ZIP CODE: Woodland, CA 95695 |
| BRANCH NAME: Main Courthouse |

PLAINTIFF/PETITIONER: Kevin Lewis

DEFENDANT/RESPONDENT: Rite Aid Corporation

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CV-CV-14-0001926 |
|---|---|

TO *(insert name of party being served):* Rite Aid Corporation c/o PAUL HASTINGS, LLP

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/6/2015

Stella Ma
　　　　　　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
　　　　Civil Case Cover Sheet
　　　　Notice of Case Management Conference
　　　　Case Management Packet (2014)

*(To be completed by recipient):*

Date this form is signed: January 26, 2015
Rishi N. Sharma, Attorney
for Defendant Rite Aid Corp.
　(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　　　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
　　ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**PROOF OF SERVICE**

I am a citizen of the United States and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441. On January 26, 2015, I served a copy of the within document(s):

- **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a <u>Delivery Service</u> agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Matthew Righetti<br>John Glugoski<br>Michael Righetti<br>Righetti Glugoski P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone: (415) 983-0900<br>Facsimile: (415) 397-9005 | Attorneys for Plaintiff<br>*Paul Neumann* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 26, 2015, at San Francisco, California.

Alice F. Brown

LEGAL_US_W # 80808906.1

PROOF OF SERVICE